## UNITED STATES v. MARTIN.

*(District Court, W. D. South Carolina.* September 23, 1886. )

1. POST-OFFICE—USING THE MAILS WITH INTENT TO DEFRAUD—REV. ST. U. S. § 5480—INDICTMENT.

The provisions of Rev. St. U. S. § 5480, to the effect that the indictment, etc., for sending or receiving letters through the mail with intent to defraud, may "severally charge offenses to the number of three when committed within the same six calendar months," does not confine the government to the prosecution of three several acts alone.

2. CRIMINAL LAW—AUTREFOIS CONVICT—REQUISITES OF THE PLEA.

In order to sustain a plea of *autrefois acquit* or *autrefois convict*, it must appear that the former proceedings on which the plea is based have been concluded. The pendency of a motion in arrest of judgment will defeat such a plea.

Indictment under Rev. St. U. S. § 5480, for using the mails for the furtherance of a fraudulent scheme and device. The section reads as follows:

"Sec. 5480. If any person, having devised or intending to devise any scheme or artifice to defraud or be effected by either opening, or intending to open, correspondence or communication with any other person, whether resident within or outside of the United States, by means of the post-office establishment of the United States, or by inciting such other person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice, or attempting so to do, place any letter or packet in any post-office of the United States, or take or receive any therefrom, such person, so misusing the post-office establishment, shall be punishable by a fine of not more than five hundred dollars, and by imprisonment for not more than eighteen months, or by both such punishments. The indictment, in-

formation, or complaint may severally charge offenses to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence, and shall proportion the punishment especially to the degree in which the abuse of the post-office establishment enters as an instrument into such fraudulent scheme and device."

*J. M. Bryan,* for defendant.

*Leroy F. Youmans,* Dist. Atty., for the United States.

SIMONTON, J. The defendant, under the name of William Henry, *alias* J. J. Smith, etc., had been indicted under section 5480 of the Revised Statutes, for depositing in the mail a letter or packet in furtherance of a fraudulent scheme or device, to be carried out by the use of the post-office department. The indictment contained three several charges, based on distinct acts. He was found guilty, and a motion in arrest of judgment was entered, which has not yet been heard. Before the verdict was rendered in that case, the defendant under the name of William Martin, *alias,* etc., was presented by the grand jury for violating the same section of the Revised Statutes. The indictment contains three distinct charges, wholly distinct from the charges in the first indictment; occurring, however, within the same six months in which these acts were alleged to have been committed. To this second indictment the defendant pleaded in bar his conviction under the first indictment, and the district attorney demurred to the plea.

In order to sustain a plea of *autrefois acquit* or of *autrefois convict,* it should appear that the former proceedings have been concluded. In the present case the motion in arrest of judgment is still pending. *Non constat* that the defendant will be convicted.

Apart from this, I am of opinion that it was not the intention of this section of the Revised Statutes to confine the government to the prosecution of three several acts among transactions extending over six calendar months. Were this construction of the section to be maintained, a man may, within six calendar months, deposit in the mail, or receive from the mail, a thousand letters in furtherance of his fraudulent scheme, and yet the government must condone all but three of these unlawful acts. Persons who deposit or receive letters for their fraudulent purposes necessarily remain but a short time in any one place. When the nefarious design is detected, can it be that the officers of the government must examine into the proofs against him, select three instances occurring within the same six months, prosecute on them, and if, perchance, the prosecution should fail, the offender shall go unwhipped of justice?

Besides this, the section forbids not the general use of the post-office for the purpose of carrying out a fraudulent scheme or device; it forbids the putting into the mail of a letter or packet, and the taking out of the mail a letter or packet, in furtherance of such scheme. Each letter so taken out, and each letter so put into, the mail, is a distinct and separate violation of the section.

The peculiar phraseology of this section, when compared with section 1024, seems to sustain this view. Under section 1024,[1] when there are two or more acts of the same class of crimes or offenses, they must all be joined in the same indictment; and, if several indictments are found, they must be consolidated, however numerous the acts may be. But in the section 5480 "the indictment may severally charge offenses to the number of three," and no more.

The demurrer is sustained. Let the defendant plead over.

---

[1] Sec. 1024. When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and, if two or more indictments are found in such cases, the court may order them to be consolidated.

