*In re* HAYNES, Petitioner.

(*Circuit Court, D. Massachusetts.* March 9, 1887.)

1. POST-OFFICE—USING MAIL TO DEFRAUD—INDICTMENT—HABEAS CORPUS.
   Defendant was indicted for using the mails to defraud, under two indictments. One indictment charged two, and the other three, offenses, and the whole offenses occurred within a period of six months. Being found guilty under both indictments, the court sentenced him to six months' imprisonment under each conviction, the terms to run concurrently. On a petition for *habeas corpus, held* that, under Rev. St. U. S. § 5480, which provides that "the indictment may severally charge offenses to the number of three, committed within the same six calendar months, but the court thereupon shall give a single sentence," even assuming that a conviction could only be had for three offenses in each six months, one of the indictments, with the conviction under it, was valid, and the defendant was not entitled to the writ.

2. CRIMINAL PRACTICE—INDICTMENT—REMITTING TO CIRCUIT COURT.
   Under Rev. St. U. S. § 1037, the district court has no authority to remit pending indictments to the circuit court after verdict; and, where it does so, the circuit court does not obtain jurisdiction, and an order in arrest of judgment issued by the circuit court, in such circumstances, is void.

3. SAME—JURISDICTION.

    As the circuit court, as the court of last resort, has decided in respect to these indictments, at the petitioner's request, that the district court had no authority under Rev. St. § 1037, to remit the indictments to the circuit court, after conviction, that decision is the law of this case. *U. S.* v. *Haynes,* 26 Fed. Rep. 857. The orders of remission must, therefore, be regarded as nullities, and as neither taking away the jurisdiction of the district court, or conferring any on the circuit court over these indictments. The district court had, therefore, jurisdiction to proceed with the indictments, and sentence the petitioner, notwithstanding the orders of remission. NELSON, J.

4. SAME—DISTINCT OFFENSES.

    As there is nothing in the record of the district court to show that the offenses charged in the two indictments and proved at the trial were committed within the same six calendar months, the petitioner was lawfully sentenced on both indictments. If the sentences had been to take effect one after the other instead of together, they would still have been justified, so far as anything appears to the contrary on the record. NELSON, J.

5. SAME—CONDUCT OF TRIAL.

    The trial of the two indictments together, with or without an order of consolidation, under Rev. St. § 1024, did not make them one indictment, charging a single offense, and therefore subjecting the petitioner to only one sentence on both. NELSON, J.

Petition for Writs of *Habeas Corpus* and *Certiorari.*

See *U. S.* v. *Haynes,* 26 Fed. Rep. 857, and *Same* v. *Same,* 29 Fed. Rep. 691.

*Harrison Dunham,* for petitioner.

*Owen A. Galvin,* Asst. Dist. Atty., for the United States.

Before COLT and NELSON, JJ.

COLT, J. At the September term, 1884, of the district court, two indictments were found against the petitioner under section 5480, Rev. St., for sending letters through the mail in execution of a scheme to defraud. One indictment charges two offenses; and the other, three. These indictments were tried together in the district court, September 24, 1884, and the petitioner was found guilty on each. On October 14, 1884, the indictments were remitted to the circuit court on motion of the district attorney. Section 1037, Rev. St. Motions in arrest of judgment were heard in the circuit court by Judge WEBB, and overruled. Thereupon the defendant forfeited his bail, and left the country. In February, 1885, the circuit court granted him leave to file a new motion in arrest, on furnishing new bail for his appearance in the circuit court. The main ground of this motion was that the district court had no power to remit indictments, under section 1037, to the circuit court after verdict, and that consequently the circuit court had no jurisdiction in these cases. This point was held to be well taken in *U. S.* v. *Haynes,* 26 Fed. Rep. 857, and an entry was made on the docket of the circuit court sustaining the motion in arrest. On January 6, 1887, (29 Fed. Rep. 691,) the district court vacated the order of remission to the circuit court, and the circuit court directed that the papers be returned to the district court. The district court afterwards ordered a warrant to issue, and the petitioner was brought before that court, and sentenced to six months' imprisonment, and a fine of one dollar on each indictment, each six months to terminate and take effect at the same time on each indictment.

Upon this state of facts the question arises, on this petition, whether the proceedings of the district court are void for want of jurisdiction or other cause. Any mere error in point of law can only be reviewed by the ordinary methods of appeal or writ of error. To entitle the petitioner to a discharge upon a writ of *habeas corpus*, the proceedings in the district court must be found to be void. *Ex parte Parks*, 93 U. S. 18, 21.

Section 5480, under which these indictments were found, provides as follows: "The indictment, information, or complaint, may severally charge offenses to the number of three, when committed within the same six calendar months; but the court thereupon shall give a single sentence," etc.

It is said that two indictments were found against the petitioner, charging five distinct offenses, one indictment two, and the other three; that the statute prescribes that three offenses within the same six months are the utmost that the defendant shall be held to answer; and that, therefore, the indictments are void. It is further said that the two indictments were consolidated before trial under section 1024, Rev. St., and that consequently the petitioner was tried upon one indictment charging five offenses, committed within the same six calendar months. The mere fact, however, of the finding of two indictments charging more than three offenses within the same six months would not make both void. It may be the government might have been obliged to elect which indictment it would go to trial upon, and to enter a *nolle prosequi* as to the other, but, because one indictment might be bad, it would not make both so. The indictments were tried together, but they were never in fact consolidated. The record shows a verdict of guilty was returned on each indictment. The petitioner was not held to answer and found guilty on a single indictment, charging five offenses, within the same six calendar months. He was held to answer, convicted, and sentenced on one indictment charging two offenses, and on a second indictment charging three distinct offenses, and the most that can be said is that the second indictment, conviction, and sentence are illegal. So far as relates to the first indictment, the petitioner was lawfully convicted and sentenced, and, at least until the expiration of that sentence, he has no right to a discharge on writ of *habeas corpus*. Nor, as to this indictment, can it be said that the petitioner is deprived of his liberty without due process of law, or that he has been twice punished for the same offense, or twice put in jeopardy for the same offense. In passing sentence, the court ordered the time of the second sentence to expire with the first, and it is difficult, therefore, to see what injury has been caused to the defendant by this second sentence, except, perhaps, as to the one-dollar fine which was also imposed. If the terms of the two sentences had not run concurrently, but successively, and the petitioner had served out his sentence on the first indictment, and this application was made while he was serving out a sentence upon the second indictment, the case would be different, and many of the arguments now urged in behalf of the petitioner might be pressed with much force.

The case of *U. S.* v. *Patterson*, 29 Fed. Rep. 775, (just decided by Mr. Justice BRADLEY,) is not applicable to the one before us. There the court imposed a sentence of imprisonment for five years on each indictment, the terms not to run concurrently, without specifying upon which indictment either of said terms is to be undergone. One term of five years had been served, and Mr. Justice BRADLEY held the judgment or sentence uncertain, and that it must be construed as meaning that the terms ran concurrently, and discharged the prisoner.

Another ground relied upon by the petitioner is that a final disposition was made of these indictments in the circuit court, and that, therefore, the district court had no power to pass sentence. The circuit court held in *U. S.* v. *Haynes*, 26 Fed. Rep. 857, that, after conviction in the district court, these indictments could not be lawfully remitted to the circuit court under the statute. By this decision, which must be considered the law governing this petition, the circuit court had no jurisdiction over these cases, and consequently its acts were null and void, except as to the dismissal of the cases. The mere fact that an order was entered inadvertently that the motion in arrest of judgment be sustained cannot avail the petitioner, because the court had no power in the premises except that of dismissal for want of jurisdiction. Where a court has no jurisdiction, its judgments and orders are nullities. They are not voidable, but void, and they constitute no justification. *Elliott* v. *Peirsol*, 1 Pet. 333, 340; *Griffith* v. *Frazier*, 8 Cranch, 9; *Mail Co.* v. *Flanders*, 12 Wall. 130.

It having been held that this court had no jurisdiction over these indictments, it was proper to return them to the district court, and for the district court to proceed and pass sentence. Petition dismissed.

NELSON, J. I concur in the decision of the circuit judge that this petition should be denied, though for reasons somewhat different from those given by the learned judge. A history of the case prior to the re-arrest of the petitioner will be found in *U. S.* v. *Haynes*, 29 Fed. Rep. 691.

1. The petitioner now contends that the district court had no jurisdiction to sentence him. It certainly had jurisdiction of the indictments originally. It also had jurisdiction to give the sentences, unless its jurisdiction was taken away by the orders of remission. But the circuit court has decided, at the petitioner's request, that the district court had no authority to make the orders of remission. *U. S.* v. *Haynes*, 26 Fed. Rep. 857. This decision was made by that court as a court of last resort, as it was held by a single judge, and it is only when held by two judges that a question of law arising in a criminal case can be certified from the circuit court to the supreme court under section 651, upon a division of opinion of the judges. The orders of remission were therefore nullities, and neither took away the jurisdiction of the district court, nor conferred any on the circuit court. Whether that decision was correct as a general proposition of law, is wholly immaterial. It was the judgment of the court of last resort in this case, and was binding on the dis-

trict court. This rule of law was adopted and applied to this case at the request of the petitioner. Good or bad, it was the law of his own choosing, and he must now abide by it. It is too late for him to ask this court or the district court to hold that these indictments were in fact and law remitted to the circuit court, and thus to oust the jurisdiction of the district court to proceed with them. After listening to the ingenious argument of the learned counsel for the petitioner, I see no reason to change the views which I expressed upon this branch of the case in *U. S.* v. *Haynes,* 29 Fed. Rep. 691. It would be a disgrace to the administration of the criminal law in the courts of the United States if a convicted criminal should be permitted to escape punishment by playing off one against the other in this absurd way, the jurisdictions of two courts, both of which have complete jurisdiction of the offense charged.

2. There is nothing in the record of the district court to show that the petitioner was not lawfully sentenced on both indictments. If the sentences had been to take effect one after the other, instead of together, they would still have been justified, so far as anything appears to the contrary on the record, which is all that is now before this court upon which to determine the validity of the proceedings in the district court. The statute does not mean, as I understand its language, that an offender is liable only for offenses committed within the six calendar months immediately preceding the finding of the indictment, or within any other preceding six calendar months. The petitioner might have been lawfully tried and convicted on separate indictments, for as many distinct punishable violations of the statute, committed within different periods of six calendar months, as that space of time is contained in the whole period of the statute of limitations; and might have been lawfully sentenced to a term of imprisonment on each indictment separately, the sentences to take effect together, or one after the other, as the court in pronouncing the judgments should direct. See *In re Snow,* 120 U. S. 274, 7 Sup. Ct. Rep. 556. This section is obscure and somewhat difficult to interpret, but it cannot possibly admit of any construction more favorable to the petitioner than this. Perhaps the true interpretation is one much less favorable. One of the indictments against the petitioner charged three offenses, and the other two. He was tried on both indictments, and a separate verdict of guilty given on each, without objection or exception coming from him. This shows conclusively that the evidence produced by the government at the trial proved the offenses charged in the two indictments to have been committed within different periods of six calendar months. Otherwise the petitioner should have requested the court to instruct the jury to return but a single verdict; or, as two were returned, he should have moved the court to set one or both of them aside. This does not appear to have been done, and it must be presumed that both verdicts were justified by the evidence before the jury. The trial of the two indictments together, with or without an order of consolidation under section 1024, did not make them one indictment charging a single offense, and therefore subjecting the petitioner to only one sentence on both. The presumption is that the jury were properly in-

structed, and that both verdicts were properly rendered. If the court below refused upon request to give instructions appropriate to the case before it, the petitioner's remedy was by bill of exceptions and writ of error. The case, in my judgment, is within the principle of *Ex parte Bigelow*, 113 U. S. 328, 5 Sup. Ct. Rep. 542, and *Ex parte Harding*, 120 U. S. 782, 7 Sup. Ct. Rep. 780, and not within that of *In re Snow, supra*. See, also, *Ex parte Wilson*, 114 U. S. 417, 5 Sup. Ct. Rep. 935.

The case cannot be retried upon *habeas corpus*.