## IN RE HENRY.

### ORIGINAL.

Submitted November 10, 1887. — Decided November 21, 1887.

Each letter or packet put in or taken out from the post-office of the United States in violation of the provisions of Rev. Stat. § 5480 constitutes a separate and distinct violation of the act.

Three separate offences (but not more) against the provisions of Rev. Stat. § 5480, when committed within the same six calendar months, may be joined, and when so joined there is to be a single sentence for all; but this does not prevent other indictments, for other and distinct offences under the same statute committed within the same six calendar months.

This was a motion for a rule to show cause why a writ of habeas corpus should not issue. The motion for leave to move for the rule was filed on the 11th of October, 1887. On the 17th of October leave was granted, and also leave to file a

brief in support of it. On the 10th of November this motion was filed. The case is stated in the opinion of the court.

*Mr. Isaac M. Bryan* for the motion.

Mʀ. Cʜɪᴇꜰ Jᴜꜱᴛɪᴄᴇ Wᴀɪᴛᴇ delivered the opinion of the court.

This is a motion for a rule to show cause why a writ of habeas corpus should not issue as prayed for. The case made by the petition is this:

Section 5480 of the Revised Statutes is as follows: "If any person having devised or intending to devise any scheme or artifice to defraud, or be effected by either opening or intending to open correspondence or communication with any other person, whether resident within or outside of the United States, by means of the Post-Office Establishment of the United States, or by inciting such other person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice, or attempting so to do, place any letter or packet in any post-office of the United States, or take or receive any therefrom, such person, so misusing the Post-Office Establishment, shall be punishable by a fine of not more than five hundred dollars, and by imprisonment for not more than eighteen months, or by both such punishments. The indictment, information, or complaint may severally charge offences to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence, and shall proportion the punishment especially to the degree in which the abuse of the Post-Office Establishment enters as an instrument into such fraudulent scheme and device."

Henry, the petitioner, was indicted in the District Court of the United States for the Western District of South Carolina, on the 11th of September, 1886, for a violation of this statute. The indictment charged three separate and distinct offences, all alleged to have been committed within the same six calendar months. Under this indictment he was tried, convicted, and sentenced to imprisonment in the South Carolina penitentiary at Columbia for the term of twelve months.

Afterwards, at the same term of the court, but on a different day, he was indicted for three other and different offences under the same statute, committed within the same six calendar months. To this indictment he pleaded his conviction upon the first indictment in bar. This plea was overruled, and upon a trial he was convicted and sentenced to imprisonment in the Albany penitentiary, New York, for the term of fifteen months, upon the termination of his sentence under the first indictment.

He has served out his term under the first sentence, and is now confined in the penitentiary at Albany under the second. From this imprisonment he seeks to be discharged on *habeas corpus*, because, as he alleges, the court had no jurisdiction to inflict a punishment for more than one conviction of offences under this statute, committed within the same six calendar months.

We have carefully considered the argument submitted by counsel in behalf of the petitioner, but are unable to agree with him in opinion that there can be but one punishment for all the offences committed by a person under this statute within any one period of six calendar months. As was well said by the district judge on the trial of the indictment, "the act forbids, not the general use of the post-office for the purposes of carrying out a fraudulent scheme or device, but the putting in the post-office of a letter or packet, or the taking out of a letter or packet from the post-office in furtherance of such a scheme. Each letter so taken out or put in constitutes a separate and distinct violation of the act." It is not, as in the case of *In re Snow*, 120 U. S. 274, a continuous offence, but it consists of a single isolated act, and is repeated as often as the act is repeated.

It is indeed provided that three distinct offences, committed within the same six months, may be joined in the same indictment; but this is no more than allowing the joinder of three offences for the purposes of a trial. In its general effect this provision is not materially different from that of § 1024 of the Revised Statutes, which allows the joinder in one indictment of charges against a person "for two or more acts or transac-

tions of the same class of crimes or offences," and the consolidation of two or more indictments found in such cases. Under the present statute three separate offences, committed in the same six months, may be joined, but not more, and when joined there is to be a single sentence for all. That is the whole scope and meaning of the provision, and there is nothing whatever in it to indicate an intention to make a single continuous offence, and punishable only as such, out of what, without it, would have been several distinct offences, each complete in itself.

*The motion for a rule is denied and the petition dismissed.*