### UNITED STATES v. CLARK et al.

#### (District Court, M. D. Pennsylvania. September 30, 1903.)

#### No. 6.

1. INDICTMENT—MOTION TO QUASH—ERROR IN CAPTION.

An error in the caption of an indictment in stating the term at which it was found is not ground for quashing the indictment, the caption being amendable by the record.

2. USE OF MAILS TO DEFRAUD—INDICTMENT.

A count of an indictment charging the defendant with using the mails for the purpose of carrying out a fraudulent scheme is not rendered bad by further unnecessary allegations relating to the consummation of the scheme; such averments being disregarded as surplusage.

3. SAME.

An indictment under Rev. St. § 5480, as amended [U. S. Comp. St. 1901, p. 3696], for using the mails for the purpose of carrying out a fraudulent scheme devised by defendant, must charge that the letters, etc., alleged to have been deposited in the mails were so deposited for the purpose of carrying out or executing such scheme, that being a material part of the offense, which cannot be supplied by intendment.

4. SAME — NUMBER OF OFFENSES CHARGED IN ONE INDICTMENT — STATUTORY LIMIT.

Each letter put into the post office in pursuance of a scheme to defraud to be effected by the use of the mails constitutes a separate and distinct offense; and as, by the express provisions of the act of Congress, but three offenses committed within the same six calendar months can be joined in one indictment, a count which charges the defendant with having deposited within specified dates "a large number of letters, circulars, and booklets, to wit, 500 letters, 500 circulars, and 500 booklets, addressed to various persons whose names and addresses" are unknown, is bad. United States v. Loring (D. C.) 91 Fed. 881, dissented from.

5. INDICTMENT—JOINDER OF OFFENSES.

Under Rev. St. § 1024 [U. S. Comp. St. 1901, p. 720], counts for using the mails to defraud, in violation of section 5480, and for conspiracy to commit such offense, under section 5440 [U. S. Comp. St. 1901, p. 3676], where based upon the same transaction, may be joined in one indictment.

Rule to Quash Indictment. See 121 Fed. 190.

¶ 2. Nonmailable matter, see note to Timmons v. U. S., 30 C. C. A. 79.

S. J. M. McCarrell, U. S. Atty.
C. A. Van Wormer, for defendants.

ARCHBALD, District Judge. The caption is wrong, but that is amendable. The indictment was found at the June term last at Williamsport, and the title should show it. The statement therein that it was found in October, 1902, is a mistake of the draftsman, due no doubt to the idea that it was to stand as an amended and not as an original indictment. But the records of the court show the time, and by them it can now be corrected. 10 Enc. Plead. & Prac. 425. There are other defects, however, which are more serious.

The first and third counts are good, and so is the last. The joinder of the latter is another matter, which will be disposed of presently. The complaint made against the two former, that they combine a federal offense with one of false pretense against the state law, cannot be maintained. It is true that at the close each of these counts contain certain averments with regard to what may be called the consummation of the fraudulent scheme, and while it may be that these are unnecessary, if not to some extent objectionable, as tending to lead the mind away from the real issue, yet they do not vitiate that which is good in the counts, and may be disregarded as surplusage, allowing the rest to stand.

The second and fourth counts, however, are bad. In the second it is not charged that the letter there said to have been deposited in the post office was so deposited for the purpose of carrying out or executing the fraudulent scheme which the defendants are alleged to have devised. This is a material part of the offense, and cannot be omitted. It is the use of the mails as a means of accomplishing the fraud that is the gravamen of the charge, and we cannot supply it by intendment.

In the fourth count the defendants are charged with mailing on various days between May 26, 1901, and May 26, 1902, in pursuance of the scheme described, "a large number of letters, circulars, and booklets, to wit, 500 letters, 500 circulars, and 500 booklets, addressed to various persons, whose names and addresses are to the grand jurors * * * as yet unknown." Aside from its general indefiniteness, an omnibus count of this character cannot be sustained. Each letter put into the post office in pursuance of such a scheme constitutes a separate and distinct violation of the act (In re Henry, 123 U. S. 372, 8 Sup. Ct. 142, 31 L. Ed. 174; United States v. Martin [D. C.] 28 Fed. 812); and, according to its express provisions, but three offenses committed within the same six calendar months can be joined in the same indictment, to say nothing of the same count. Act March 2, 1889, c. 393, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696]. This does not prevent the government from prosecuting other offenses of the same character which have occurred within the period mentioned; that is to say, it is not required to select out three, and condone all the others. United States v. Martin (D. C.) 28 Fed. 812. The statute simply limits, for the purpose of trial and sentence, the number that may be embraced in any one indictment. I cannot accept the view expressed in United States v. Loring (D. C.) 91 Fed. 881, that all the letters mailed in pursuance of a single fraudulent

scheme are to be taken as constituting one offense, and that the sending of them as a whole may therefore be put into a single count. This interpretation of the law fails to distinguish the fraud from the use of the post office to effectuate it, with which the federal law is alone concerned. It is to be noted that the quashing of the second and fourth counts relieves the indictment from the exception which might otherwise have been taken to it as a whole, that, contrary to the provision of the section referred to, it charged more than three offenses committed within the same six calendar months.

The last count is for a conspiracy, under section 5440, Rev. St. [U. S. Comp. St. 1901, p. 3676], to commit the offense charged in the first count, of which the fraudulent use of the mails, described in that and the others, are specified as the overt acts. As this, though a distinct violation of the law, and separately but similarly punishable, grows out of the same transaction, its joinder is not only proper on general principles, but is expressly required by the provisions of section 1024 of the Revised Statutes [U. S. Comp. St. 1901, p. 720].

The second and fourth counts are quashed, but the exceptions to the first, third, and fifth are overruled. The exception to the caption is sustained, with leave to the government to amend.