HALL v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 5, 1907.)

No. 1,599.

POST OFFICE—USING MAILS TO DEFRAUD—INDICTMENT.

The provision of Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3696], relating to the use of the mails to defraud, that an indictment may. charge offenses to the number of three when committed within the same six calendar months, but the court thereupon shall give a single sentence, does not render an indictment bad because offenses not committed within the same six calendar months are joined therein, but the offenses in such case are separate and distinct, and punishable as such.

[Ed. Note.—Nonmailable matter relating to frauds and counterfeiting, see note to Timmons v. United States, 30 C. C. A. 86.]

In Error to the District Court of the United States for the Southern District of Ohio.

Joseph S. Graydon, for plaintiff in error.

Sherman T. McPherson and Thomas H. Darby, for the United States.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. The plaintiff in error was indicted under section 5480 of the. Revised Statutes [U. S. Comp. St. 1901, p. 3696]. The indictment contained three counts, each charging the defendant below with placing a letter in the post office at Cincinnati, Ohio, in furtherance of a scheme to defraud. The letters were charged to have been placed in the post office, the first on September 7, 1903, the second on October 22, 1903, and the third on April 9, 1904. It will be perceived that the first letter deposited September 7, 1903, was not mailed within the same six calendar months, as the second and third letters were.

The defendant demurred generally to the indictment, urging upon the argument that the indictment did not show a scheme to defraud. The demurrer was overruled, and the case went to the jury, which returned a verdict of not guilty as charged in the first count, and guilty as charged in the remaining counts. Upon the argument of the motion for a new trial, the point was first made that it appeared from the indictment that the offenses joined were not all committed within the same six calendar months. The court below took the view that the provision of section 5480, limiting the joinder of offenses to the number of three when committed within the same six calendar months, is not a part of the description of the offenses created by the section, but relates only to procedure (U. S. v. Nye [C. C.] 4 Fed. 889), and the misjoinder complained of was an irregularity which the defendant might have waived, and which he did waive, by his plea of not guilty and the submission of the cause to the jury. Commonwealth v. Holmes, 119 Mass. 198. The defendant was not in any wise prejudiced by the misjoinder, for, the jury having found that he was not guilty as charged in the first count, their consideration of that question would not prejudicially affect their action upon the other

two counts, nor could it enter into the consideration of the court in pronouncing the sentence.

We are disposed to agree with the court below in the view that, if any irregularity by way of misjoinder existed in the indictment as it stood, such irregularity could have been waived by a failure to point out the defect in time. But we are not satisfied that it did exist. The provisions of section 5480, regulating the joinder of offenses against the post-office establishment for trial, were carefully considered in the case of In re Henry, 123 U. S. 372, 8 Sup. Ct. 142, 31 L. Ed. 174. Although Henry, the petitioner, was convicted under an indictment charging three separate and distinct offenses, all alleged to have been committed within the same six calendar months, nevertheless he was further indicted and convicted of three other offenses committed within the same six calendar months, and was sentenced to a further term, beginning at the end of that imposed under the first indictment. "We have carefully considered the argument submitted by counsel on behalf of the petitioner," said Mr. Chief Justice Waite (page 374 of 123 U. S., page 142 of 8 Sup. Ct. [31 L. Ed. 174]), "but are unable to agree with him in opinion that there can be but one punishment for all the offenses committed by a person under this statute within any one period of six calendar months." Again (page 375 of 123 U. S., page 143 of 8 Sup. Ct. [31 L. Ed. 174]):

"Under the present statute three separate offenses, committed in the same six months, may be joined, but not more; and when joined there is to be a single sentence for all. That is the scope and meaning of the provision, and there is nothing whatever in it to indicate an intention to make a single continuous offense, and punishable only as such, out of what, without it, would have been several distinct offenses, each complete in itself."

In other words, construing the act as indicated, the limitation resulting from the failure to include the offense committed on September 7, 1903, within the six calendar months covered by the offenses committed October 22, 1903, and April 9, 1904, was to place the offense of September 7, 1903, outside the category of offenses which could be severally joined in one indictment, and for which the court could give a single sentence. But it did not result from this that the defendant gained immunity from punishment for this offense. He could still be indicted and convicted, but it would be for a separate and distinct offense not covered by the sentence imposed for the offenses included within the period of six calendar months. The result is illustrated in the case of In re De Bara, 179 U. S. 316, 21 Sup. Ct. 110, 45 L. Ed. 207. In that case a number of indictments and a number of counts under each were consolidated and tried together. There was one conviction and one sentence, which was in excess of that prescribed for one offense. The Supreme Court, following the rule laid down in Re Henry, 123 U. S. 372, 8 Sup. Ct. 142, 31 L. Ed. 174, sustained the sentence imposed, although in excess of the maximum; in other words, it sustained a number of separate convictions sufficient to justify the imposition of the sentence in excess of the maximum, which in the discretion of the court was imposed. Durland v. U. S., 161 U. S. 306, 316, 16 Sup. Ct. 508, 40 L. Ed. 709; U.

S. v. Nye (C. C.) 4 Fed. 888; Howard v. U. S., 75 Fed. 986, 996, 21 C. C. A. 586, 34 L. R. A. 509.

The judgment is affirmed.