### KRAKOWSKI v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

#### No. 140.

COUNTERFEITING — HAVING IN POSSESSION PAPER ADAPTED TO THE MAKING OF GOVERNMENT SECURITIES—STATUTE CONSTRUED.

The provision of Rev. St. § 5430 (U. S. Comp. St. 1901, p. 3671), making it a criminal offense for any person to have or retain in his control or possession "after a distinctive paper has been adopted by the Secretary of the Treasury for the obligations and other securities of the United States any similar paper adapted to the making of any such obligation or other security, except under the authority of the Secretary of the Treasury or some other proper officer of the United States," includes the having in possession without authority of the distinctive paper itself and of similar paper adapted to the making of government obligations and securities; and it is not sufficient to warrant a conviction thereunder to prove that defendant has in possession paper which might be used to make counterfeit obligations or securities.

In Error to the Circuit Court of the United States for the Southern District of New York.

Writ of error to review a judgment of the Circuit Court, entered upon a verdict finding the plaintiff in error (defendant below) guilty of a violation of section 5430 of the Revised Statutes (U. S. Comp. St. 1901, p. 3671) of the United States.

Thomas & Oppenheimer (Leo Oppenheimer, of counsel), for plaintiff in error.

Henry L. Stimson, U. S. Atty., G. H. Dorr and Francis W. Bird, Asst. U. S. Attys.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The statute under which the indictment in this cause is framed provides that:

"Every person * * * who has or retains in his control or possession, after a distinctive paper has been adopted by the Secretary of the Treasury for the obligations and other securities of the United States, any similar paper adapted to the making of any such obligation or other security, except under the authority of the Secretary of the Treasury, or some other proper officer of the United States, shall be punished," etc.

The indictment follows the language of the statute in stating the offense charged. It alleges that the Secretary of the Treasury had

adopted a distinctive paper for the obligations and other securities of the United States, and that the paper which the defendant had in his possession was "adapted to the making of such obligations and other securities aforesaid." Upon the trial the defendant requested the court to charge that it was necessary to show that the paper in question was adapted to the making of the obligations of the United States. The court refused to so charge, and charged as follows:

"When the statute says any similar paper adapted to the making of such obligations or other securities, contemplating the unauthorized making, the words 'adapted to the making of such obligations' would refer to being adapted to the purpose of making an unlawful or counterfeit obligation."

The charge was erroneous. It stated an offense not charged against the defendant. He was indicted for having in his possession paper adapted to the making of the obligations "aforesaid," which were the obligations of the United States. He was not indicted for having paper adapted to the making of unlawful securities. Counterfeit money is not an obligation of the United States.

The charge also involved a wrong construction of the statute. The statute contemplates the adoption by the Secretary of the Treasury of a distinctive paper for government obligations, and provides that it shall be unlawful, without authority from the Secretary or other proper official, to possess any paper similar to the distinctive paper and likewise adapted to the making of government securities. A paper which resembles the distinctive paper and also is of such character as to be suitable for the imprint of government obligations comes precisely within the terms of the statute.

We think, moreover, that the statute is broad enough to include the "distinctive paper" itself. In fact, it would seem that the primary object of the statute was to prevent persons from having in their possession, without authority, the distinctive government paper. It is of the same general nature and for the same purposes as the English statute (St. 24 & 25 Vict. c. 98, § 11), which provides that:

"Whosoever, without lawful authority or excuse * * * shall purchase or receive, or knowingly have in his custody or possession, any paper manufactured and provided by or under the direction of the * * * Commissioners of Her Majesty's Treasury, for the purpose of being used," etc., "shall be guilty," etc.

The designated paper is manifestly adapted to the making of the obligations and securities of the United States. It is "similar" to itself within the primary meaning of that term given by Webster: "exactly alike." And, even if the word were not given its ordinary meaning, we should prefer that result to the one which would leave out of the operation of the statute the very paper which apparently it was primarily designated to protect. Any uncertainty in the language of the statute undoubtedly arises from the desire of Congress to prohibit in one provision both the unauthorized possession of government paper and of a similar paper which could be used for printing government securities. The words "adapted to the making of such obligations" clearly refer to the obligations of the United States just before mentioned in the statute. There is no room for reading anything else into the statute and no basis for doing so. Nothing

indicates that Congress had in mind the possession of the many kinds, of paper adapted to the making of counterfeit money, especially poor counterfeits. Moreover, the provision of the statute making the possession of the paper unlawful "except under the authority of the Secretary of the Treasury or some other proper officer" necessarily implies that some persons may be authorized to have it in their possession. And, while the Secretary might properly authorize certain manufacturers to have in their possession the government paper or paper similar and adapted to making government obligations, an official authorization of the possession of paper suitable for counterfeiting would be unique in character.

Judgment reversed, and cause remanded for a new trial. ·