UNITED STATES v. McVICKAR et al.

(Circuit Court, S. D. New York. November 4, 1908.)

Post Office (§ 48*)—Use of Mails to Defraud—Indictment.
Under Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), making it a criminal offense to deposit a letter in a post office for the purpose of executing a scheme to defraud, the provision that "the indictment, information, or complaint may severally charge offenses to the number of three when committed within the same six calendar months; but the court shall thereupon give a single sentence * * *," does not prevent the joinder in one indictment of counts charging offenses in different periods of six months, nor the imposition of sentence on each of such counts in case of conviction thereon.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. § 48.*]

On Motion to Arrest in Judgment.

Henry L. Stimson, U. S. Atty.

Marx, Houghton & Byrne, for defendants.

CHATFIELD, District Judge. All counts in this indictment are based upon the provisions of section 5480 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3696). Each count, of which there were originally five, charged the unlawful mailing, in New York City, of a letter to one Louis E. Ruthroff, Belleville, Mich. The letter described in count 1 was signed Morgan H. Webster, and postmarked July 3, 1906; count 2 described a letter postmarked July 18, 1906, also signed Morgan H. Webster; count 3 described a letter postmarked August 5, 1906, but signed A. B. Lyons; count 4 described a letter postmarked July 13, 1908, also signed A. B. Lyons; while count 5 described a letter postmarked July 27, 1908, and also signed A. B. Lyons.

Section 5480, so far as it relates to these questions, is as follows:

"If any person having devised * * * any scheme to defraud, * * * shall, in and for executing such scheme, * * * place any letter * * * in any post office * * * such person shall be punishable by a fine * * * and by imprisonment for not more than eighteen months, or by both.

"The indictment, information, or complaint may severally charge offenses to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence, and shall apportion the punishment especially to the degree in which the abuse of the post office establishment enters as an instrument into such fraudulent scheme and device."

It will be noted that counts 1, 2, and 3 set forth three occurrences within the space of six months during the year 1906, while counts 4 and 5 set forth two occurrences within six months during the year 1908, but more than six months elapsed between the dates of the letter of count 3 and that of count 4.

It has been held frequently, and is beyond discussion, that the depositing of a particular letter in the post office is the act denominated an offense by the statute. In re Henry, 123 U. S. 374, 8 Sup. Ct. 142, 31 L. Ed. 174. But much disagreement has arisen over the meaning of the portion of the statute permitting the joinder of three such offenses in one indictment, and providing that but one sentence shall be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

imposed, if conviction is had upon the three counts. In order to avoid such questions, in some instances counts have been nolled upon motion by the government, as in the case of United States v. Nye (C. C.) 4 Fed. 888, or if conviction has been had and but one sentence imposed, on an indictment containing more than three offenses, the conviction has been allowed to stand, as in the case of In re Haynes (C. C.) 30 Fed. 767. The joinder of more than three offenses in one indictment is something that, therefore, should be questioned before sentence, and can be cured by nolleing the excess counts, or by imposing but the one sentence. In the present case, at the opening of the trial the District Attorney moved to nolle counts 2 and 5, thus leaving two counts based upon the letters during the six months within the year 1906, and one count based upon a letter mailed in the year 1908. This action of the District Attorney made it unnecessary to consider whether more than three offenses were united in the one indictment, but has still left open any question that may be raised because the three offenses charged were not alleged to have been committed within the same six months. The trial has resulted in a verdict of guilty. The defendants have moved for a new trial, and this motion has been denied. They have now further moved in arrest of judgment, upon the ground that the indictment as in its final form, and the question which was allowed to go to the jury, and the judgment of the jury itself, cannot stand, and that no sentence can be imposed, inasmuch as the indictment present-ed a charge not legal under section 5480 in the portions above quoted.

The particular objection is 'that section 5480 is claimed to allow the government to charge offenses only to the number of three, and only when committed within the same six calendar months. This contention has been upheld in the case of Bass v. United States decided by the Court of Appeals of the District of Columbia on the 4th day of June, 1902, and reported in 20 App. D. C. 232. The court in that case refers to the matter of In re Henry, supra, and to the case of McElroy v. United States, 164 U. S. 76, 17 Sup. Ct. 31, 41 L. Ed. 355, from which it draws the conclusion that two indictments, consolidated under section 1024 of the Revised Statutes (U. S. Comp. St. 1901, p. 720), and tried as one, could not, in the consolidated form, express occur-rences three in number, but not committed within the same six months. On this ground a new trial was ordered.

As has been said, if the indictment was unsupportable as a whole be-cause of this defect, it might be cured by a sentence of but one term, without specifying whether imposed upon the first, second, or last count covered by the verdict. In re Haynes, supra. Or this point might have been raised upon the motion for a new trial, and disposed of at that time. But inasmuch as this court is not inclined to agree with the conclusions in the case of Bass v. United States, supra, and inasmuch as the court intends to impose sentence upon each of the three counts, it seems proper to discuss the motion upon the merits, and determine it so far as this court is concerned.

It will be necessary to refer to a few of the cases arising under sec-tion 5480. In re Henry, supra, was perhaps one of the earliest of the cases that must be considered, having been decided in 1887. In that case the Supreme Court of the United States upheld the sentence and

conviction of the defendant upon three charges of offenses committed within the same six calendar months, and apparently with relation to the same scheme to defraud, and perhaps even of letters addressed to the same person, as had been the three offenses for which the defendant had been indicted, tried, and convicted in the same court, and already served a term of imprisonment before his second arrest. The court held, apparently, that the provisions of section 5480 meant merely that for three offenses, or three acts of mailing, one term of imprisonment should be imposed, but that a separate charge or a separate punishable series of offenses could be based upon every three letters. The court did not seem to consider anything happening outside of the space of six months, nor whether Congress intended to limit the prosecution with reference to any one particular scheme to defraud a single person to three offenses and no more, unless the operation of the scheme overran the period of six months.

In 1884, the case of United States v. Loring (D. C.) 91 Fed. 881, held that in a single indictment any number of counts could be included charging different acts in pursuance of the same scheme, but that the prohibition of the statute related to the joining of more than three offenses relating to different schemes or frauds.

While in 1886, in United States v. Martin (D. C.) 28 Fed. 812, the court held that any number of indictments, so long as each indictment set forth three separate and distinct charges, could be maintained against a defendant, thus following the apparent reasoning of the case of In re Henry, supra.

In 1900, the United States Supreme Court, in Re De Bara, 179 U. S. 316, 21 Sup. Ct. 110, 45 L. Ed. 207, approved of the joinder of nine indictments, each charging three offenses, upon which a verdict as to some counts of each of the indictments was rendered against the defendant, and a sentence of three years' imprisonment imposed. The provisions of section 5480, as approved by the Supreme Court, are held to mean merely that three offenses within the same six months may be joined for the purpose of one charge, and that a number of such charges, if presented in the form of separate indictments, can be consolidated and a cumulative sentence be imposed.

Further, in the case of Betts v. United States, 132 Fed. 228, 65 C. C. A. 452, decided in 1904, and in the case of Hanley v. United States, 127 Fed. 929, 62 C. C. A. 561, also decided in 1904, the consolidation of several indictments is approved of, and the power to impose the full sentence for the charges contained in each indictment is upheld.

In the case of United States v. Clark (D. C.) 125 Fed. 92, the court criticises a general count charging the defendants with mailing some 500 letters, etc., to persons unknown, and says that "but three offenses committed within the same six calendar months can be joined in the same indictment, to say nothing of the same count. This does not prevent the government from prosecuting other offenses of the same character which have occurred within the period mentioned; that is to say, it is not required to select out three, and condone all the others."

None of the cases above referred to except the Bass Case, however, bear upon the particular point in question, and it is necessary to de-

termine whether the words, "The indictment * * * may severally charge offenses to the number of three when committed within the same six calendar months," should be interpreted to have, as if inserted or 'understood, "and no others." Even this might be gotten around by drawing separate indictments and consolidating them, but inasmuch as we are considering a single indictment, we must pass upon the strongest case for the defendant, and the other cases would naturally follow.

The purpose of this section may have been to prevent multiplicity of charges, in a matter where numerous offenses of the same sort might grow out of a series of correspondence, or the purpose of the statute may have been to insure the defendant against 18 months' imprisonment, if his operation of the scheme to defraud did not exceed the mailing of three letters. The majority of the cases, including the decision of the Supreme Court, would seem to indicate that the latter is the interpretation to be given to the statute.

The intention of Congress with regard to the statute could be easily made clear if Congress had or should desire to alter the effect of the statute as now interpreted by the Supreme Court; but as Congress has not amended the statute since these interpretations, and inasmuch as there is no apparent reason why Congress should have provided for a great number of indictments charging three offenses each, based upon letters sent within six months, and also have prevented further prosecutions in the same fraud, if the sending of letters happened to extend beyond the period of six months, this court can see no basis for the present motion.

A criminal statute should be construed strictly, and a strict construction of this statute would prevent reading into the statute the words insisted upon by the defense. This application of the doctrine has been recently upheld in this circuit, in the case of Krakowski v. United States (C. C. A., March Term 1908), 161 Fed. 88, and it does not seem that further argument as to the application of the particular section is necessary.