## UNITED STATES v. PALMIERI.

### (Circuit Court, S. D. New York. February 1, 1909.)

1. INDICTMENT AND INFORMATION (§ 150*)—DEMURRER—USE OF POST OFFICE ESTABLISHMENT TO DEFRAUD.

Where an indictment in several counts purported to charge in each a separate and different scheme to defraud by selling stocks on false representations, by using the post office in the mailing of a particular letter in executing each scheme, whether the scheme would prove to be one and the same for the different offenses, on which more than one of the counts were based, could not be considered on demurrer.

[Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 150.*]

2. POST OFFICE (§ 48*)—SCHEME TO DEFRAUD—INDICTMENT—VALUE OF PROPERTY SOLD.

Where an indictment charged defendant with devising a scheme to defraud, by inducing others to purchase stock on false representations of fact, and alleged that the scheme was to be effected by correspondence through the post office, and that a letter was actually mailed in furtherance thereof, the indictment was not demurrable for failure to charge that the stock was lacking in value to such an extent as to defraud those who paid the price asked therefor.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. § 48.*]

3. POST OFFICE (§ 48*)—USE OF MAILS TO DEFRAUD—INDICTMENT.

An indictment for devising a scheme to defraud, to be furthered by use of the post office establishment, was not demurrable for failure to allege the particulars in which the representations charged were false, as such defect could be cured by furnishing a bill of particulars.

[Ed. Note.—For other cases, see Post Office, Dec. Dig. § 48.*]

Henry L. Stimson, U. S. Atty.
Wm. Michael Byrne, for defendant.

CHATFIELD, District Judge. This indictment is brought under section 5480, Rev. St. (U. S. Comp. St. 1901, p. 3696), and purports to charge the defendant (in nine counts) with nine schemes to defraud by selling different stocks for money, on false representations, and by using the post office in the mailing of a particular letter in executing each scheme.

Objection in the form of a demurrer is made to the sufficiency of the indictment on two grounds. The first is that more than three of the counts charge offenses on dates within a period of six months. This question is stated at length in the case of U. S. v. McVickar (C. C.) 164 Fed. 894, and it is only necessary to say that the present indictment purports to charge a separate and different scheme in each count, and on demurrer the question whether the scheme will prove to be one and the same for the different offenses, upon which more than one of the counts are based, cannot be considered. The dismissal of any count for such a reason, the quashing of any portion of the indictment, or the limitation of a sentence to three offenses within six months, cannot be determined upon the form of this indictment.

A second and more serious objection presented is that the indict-

ment charges the defendant with having devised a scheme to defraud an individual, by obtaining payment for shares of stock upon false representations of fact, which scheme was to be effected by opening correspondence through the post office, and in pursuance of which the defendant did mail a letter for delivery. None of the counts of the indictment show any definite charge that the stock was valueless, .or lacking in value to such an extent as to defraud those who paid the price asked therefor, nor does any count of the indictment charge that the defendant planned to obtain payment for the stock sold and to keep the payment without delivering to the purchaser what was offered for sale. The fraud charged consists entirely in making sales through the post office department upon false representations of fact, whether or not the purchaser might ultimately benefit or receive full value from the transaction.

It has been held by the Circuit Court of Appeals for this circuit, in the case of Kellogg v. U. S., 126 Fed. 323, 61 C. C. A. 229, that an indictment charging certain defendants with having devised a scheme to defraud, by inducing other persons to send to them money for investment by means of false statements, with the further allegations that the scheme was to be effected by correspondence through the post office department, and that a letter was actually mailed, described a sufficient offense under the present statute. Again, the attention of the court has been called to the case of U. S. v. Rothschild and Kahn (no opinion filed), in which a demurrer to the indictment was over-ruled at the July term, 1908 of the Circuit Court for this circuit, in which the form of the charge was exactly like the allegations of the indictment under consideration. Under these circumstances the question is settled.

It is also claimed that certain of the counts are indefinite, and the third and sixth counts would seem to be open to this objection. But the respects in which these counts are indefinite, namely, that the particularities in which the representations were false are not set forth, can be cured by the furnishing of a bill of particulars, and the defendant will not thereby be prejudiced.

The demurrer, therefore, will be overruled, and the defendant required to plead.