**UNITED STATES of America, Plaintiff,**

v.

**Donald J. GARRISON, alias Jack Sullivan; Clovis N. Ooley, alias C. N. Ooley; Helen Ooley; and J. Tom Miles, Defendants.**

**No. 58–CR–97.**

United States District Court
E. D. Wisconsin.
Dec. 24, 1958.

2. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 158, 90 L.Ed. 95.

Edward G. Minor, U. S. Atty., and Matthew M. Corry, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Morris A. Shenker, St. Louis, Mo., for defendants Donald J. Garrison, Clovis N. Ooley and Helen Ooley.

Sidney M. Glazer, St. Louis, Mo., for defendant J. Tom Miles.

GRUBB, District Judge.

Defendants are indicted for alleged conspiracy and using mails to defraud, alleged violations of Title 18, U.S.C. §§ 371 and 1341. The indictment contains eleven counts. Defendants have filed six motions. These motions have been submitted on brief.

### Motion to Dismiss

■ This motion is based upon defendants' being charged with mailing separate letters in separate counts. Defendants' position is that these separate mailings do not constitute separate and distinct offenses.

Under the predecessor of this statute, Title 18, § 338 (Criminal Code, section 215), U.S.C.A., 1927, it was squarely held that each separate mailing constitutes a distinct offense. In re Henry, 123 U.S. 372, 8 S.Ct. 142, 31 L.Ed. 174; Badders v. United States, 240 U.S. 391, 36 S.Ct. 367, 60 L.Ed. 706. Counsel take the position that these holdings are now subject to question in the light of recent decisions in United States v. Universal C. I. T. Credit Corporation, 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260; Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370. Had counsels' brief been written at a later date, no doubt Ladner v. United States, 79 S.Ct. 209, would have been added to the list.

In the Universal C. I. T. Credit Corporation case, the question involved related to the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The Bell case involved the transporting of two women in one trip in violation of the Mann Act, 18 U.S.C.A. §§ 2421–2423. The Prince case involved a bank robbery, and the question was whether the separate offenses, punishable by different terms, but all part of one act, constituted separate offenses so as to be cumulative in punishment. The Ladner case involved wounding of two federal officers with one discharge of a shotgun, and the court there held that but one offense was involved.

Each of these cases involved different statutes than the one here in question. As to the predecessor of this statute, the Supreme Court squarely held that each mailing, pursuant to the one scheme to defraud, constitutes a separate offense. This court has carefully compared the present statute with the one involved in the cases passed upon by the Supreme Court. The legislative history of the present statute shows that the amendment was solely for the purpose of eliminating surplusage. Except for the elimination of surplusage, this court does not note any difference in the new statute. The Supreme Court having held squarely on this question, this court cannot rule that the Supreme Court overruled its decision in the later cases involving different statutes and different offenses.

Defendants also move to dismiss counts 2 to 11, both inclusive, claiming that insufficient facts are alleged to give this court jurisdiction or venue over the charges alleged. In the brief, defendants' counsel have not covered for that claim or pointed out in what particulars it is claimed the indictments have insufficient facts alleged. It appears to the court that these counts have sufficient facts alleged. The first motion is denied.

### Motion of Defendants to Strike

■ Defendants have moved the court to strike from the indictment allegations concerning the placing of various Wisconsin newspapers in the mails for distribution, alleging that these allegations are immaterial to the offense charged and are an attempt to place before the jury immaterial matters which will confuse the jury as to the issues involved.

■■ Matters that do not enter into the offense may be considered as surplusage. United States v. Hood, 5 Cir., 200 F.2d 639. Motions to strike as surplusage will be granted only where it is clear that the allegations complained of are not relevant to the charges contained in the indictment and are inflammatory and prejudicial. United States v. Klein,

D.C., 124 F.Supp. 476; United States v. New York Great Atlantic & Pacific Tea Co., 5 Cir., 1943, 137 F.2d 459.

The indictment must contain the essential elements of the offense. Webb v. United States, 10 Cir., 191 F.2d 512. The use of the mails in the execution of a scheme to defraud is the gist and corpus of the crime of fraudulent use of mails. United States v. Browne, 7 Cir., 1955, 225 F.2d 751. It is the opinion of the court that the indictment sets forth the advertising in newspapers as one of the elements of the scheme and as having been done pursuant to the alleged conspiracy. The motion to strike is denied.

### Motion for Bill of Particulars

" * * * A bill of particulars should be granted where it is thought necessary (1) to protect the defendant against a second prosecution for the same offense, or (2) to enable the defendant to adequately prepare his defense and avoid surprise at the trial. * * *" Remmer v. United States, 9 Cir., 205 F. 2d 277, 281.

The court is of the opinion that the indictment is sufficiently definite to protect defendants against a second prosecution for the same alleged offense. Nevertheless, in order that there will be no question and that the defendants can be adequately prepared and be able to squarely meet the claims of the government, defendants' motion for a bill of particulars will be granted, and plaintiff is directed to furnish a bill of particulars, on or before January 9, 1959, containing the following, insofar as it does not appear in the indictment itself:

(a) The names of the defendants who allegedly made false or fraudulent representations;

(b) Person or persons to whom representations were made;

(c) The manner by which such representations were allegedly made;

(e) Whether the plaintiff claims that the newspapers containing advertising, as alleged in the indictment, were sent through the mails and the dates on which said advertisements were caused to appear in the respective papers named.

### Motion for the Production and Inspection of Statements and Documents

Under Section 3500, Title 18, it is provided that no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than defendants) to an agent of the government shall be subject to subpoena, discovery or inspection until said witness has testified on direct examination in the trial of the case.

With respect to any statements or reports made by defendants or any others to persons other than government agents, defendants have not attempted to comply with Fed.Rules Crim.Proc. Rule 17, 18 U.S.C.A., by showing good cause. There has been no showing that such documents, if any exist, are evidentiary or relevant; that they are not otherwise procurable by the defendants reasonably in advance of trial by the exercise of due diligence; that the defendants cannot properly prepare for trial without such production and inspection in advance of trial; and failure to obtain such inspection may tend to unreasonably delay trial; and that application is made in good faith and is not intended as a general "fishing expedition". If the government has any statements made by any of the defendants to an agent of the government, the government is directed to permit defendants' counsel to inspect such statements and to obtain copies thereof.

### Motions of Defendants Helen Ooley and J. Tom Miles for a Severance and a Separate Trial

This indictment charges a conspiracy. It is elementary that if the government proves a conspiracy and that the moving defendants were or became conspirators, then acts by fellow conspirators in carrying out the conspiracy are receivable in evidence against them.

**626**

Statements made in furtherance of the objectives of a going conspiracy are receivable in evidence against conspirators as an exception to the hearsay rule. Where the indictment was for conspiracy to interfere with interstate commerce by extorting money from truckers, the Court of Appeals for the 2nd Circuit stated in April 1917 in United States v. Postma, 242 F.2d 488, 493, with reference to denial of motion for severance:

> " * * * The motion was denied and rightly so, we hold. Prejudice was no more likely than in other cases of conspiracy. United States v. Varlack [2 Cir., 225 F.2d 665], supra; Robinson v. United States, 93 U.S.App.D.C. 347, 210 F.2d 29."

Should the government fail to prove any such conspiracy, the rights of these defendants will be protected. The court will be careful not to fail to individualize their cases from the rest of the group. The motions for a severance are hereby denied.