## LARKIN v. UNITED STATES.

### (Circuit Court of Appeals, Seventh Circuit. April 9, 1901.)

### No. 755.

1. FRAUDULENT USE OF MAILS—INDICTMENT—REQUISITES—NAMES OF PERSONS INTENDED TO BE DEFRAUDED.

An indictment for a fraudulent use of the mails, in violation of Rev. St. § 5480. as amended by Act March 2, 1889 (1 Supp. Rev. St. p. 694), not charging a scheme to defraud the public generally, or a class not capable of being resolved into individuals, but clearly importing an intention to defraud definite individuals, is bad, if it does not describe them by name, or give a good and true reason for the omission.

2. SAME—SUFFICIENCY.

Such an indictment, stating the names of persons to whom letters or postal cards were addressed, does not satisfy the requirement that the names of parties intended to be defrauded must be alleged if it is not alleged that the scheme to defraud included them, as use of the mail for communication with a person intended to be injured is not essential to the offense, it being within the statute, if, in aid of the scheme to defraud, the mails be used to open correspondence with the intended victim, or "any person," or to incite "such other person [the one intended to be defrauded], or any person," to open communication with the designer of the scheme.

In Error to the District Court of the United States for the Northern Division of the Northern District of Illinois.

The plaintiff in error was convicted of a fraudulent use of the mails, in violation of section 5480 of the Revised Statutes, as amended by Act March 2, 1889 (1 Supp. Rev. St. p. 694), which, in so far as now pertinent, reads as follows: "If any person having devised or intending to devise any scheme or artifice to defraud * * * to be effected by either opening or intending to open correspondence or communication with any person, whether resident within or outside the United States, by means of the post-office establishment of the United States, or by inciting such other person or any person to open communication with the person so devising or intending shall, in and for executing such scheme or artifice or attempting so to do, place or cause to be placed any letter, packet, writing, circular, pamphlet or advertisement in any post-office, branch post-office, or street or hotel letter-box of the United States, to be sent or delivered by the said post-office establishment, or shall take or receive any such therefrom, such person so misusing the post-office establishment shall, upon conviction, be punishable by a fine of not more than $500

and by imprisonment for not more than eighteen months, or by both such punishments at the discretion of the court."

The body of the indictment on which the conviction was had reads as follows:

"The grand jurors for the United States of America, inquiring for the Northern division of the Northern district of Illinois, upon their oath present that Patrick Larkin, late of the city of Chicago, in the said division and district, before and at the several times of committing of the several offenses hereinafter mentioned, at Chicago aforesaid, in the division, and district aforesaid, had devised a scheme and artifice to defraud divers other persons then resident within the said United States, by inducing those persons, respectively, to send to him divers valuable articles of merchandise on credit, under the pretense on his part that he would, buy -the same and give good security for the payment of his indebtedness therefor, but merely intending thereby, and by giving fictitious security, to get possession of such articles as should be so sent to him, the said Patrick Larkin, and fraudulently to convert the same to his own use, and sell and dispose of the same, and intending not to pay for the same, and to defraud thereof the several persons who should so send the same; which said scheme and artifice was a scheme and artifice which he, the said Patrick Larkin, when so devising the same as aforesaid and committing the offense hereinafter mentioned, intended to effect by opening correspondence and communication, by means of the post-office establishment of the said United States, with the several persons so intended to be defrauded, and by inciting those persons to open communication with him, the said Patrick Larkin, by means of the said post-office establishment. And the grand jurors aforesaid, upon their oath aforesaid, do further present that the said Patrick Larkin, on the eighth day of June, in the year eighteen hundred and ninety-eight, at Chicago aforesaid, in the division and district aforesaid, so having devised the said scheme and artifice in and for executing the same, and attempting so to do, unlawfully did place in the post office of the said United States there, to be sent and delivered by the said post-office establishment, a certain writing, to wit, a writing of the tenor following, that is to say: 'Chicago, June 8th '98. I Allen Larkin state that I am the owner in fee simple of the following described property situated in the City of Chicago Co of Cook and State of Illinois. Three two story and basement modern brick residence buildings known as numbers 530, 534 and 536 Cornelia Ave, Chicago, worth eighteen thousand dollars,'—signed 'Allen Larkin,' directed to certain persons then doing business at South Bend, in the state of Indiana, under the name of Winkler Brothers, as manufacturers of and dealers in sprinkling carts; against the peace and dignity of the said United States, and contrary to the form of the statute of the same in such case made and provided.

"(2) And the grand jurors aforesaid, upon their oath aforesaid, do further present that the said Patrick Larkin, on the twenty-third day of June, in the year eighteen hundred and ninety-eight, at Chicago aforesaid, in the division and district aforesaid, so having devised the scheme and artifice to defraud described in the first count of this indictment, in and for executing the same and attempting so to do, unlawfully did place in the post office of the said United States, at Chicago aforesaid, to be sent and delivered by the said post-office establishment, a certain other writing, to wit, a writing on a postal card, of the tenor which here follows; that is to say: '532 Cornelia Ave Lake View Chicago June 23 Sirs Please send me your catalogue & prices of wind mills & oblige, Yours respt. P. Larkin,'—which said postal card then bore on the address side thereof the following direction and address, to wit: 'Phelps & Bigelow Wind Mill Co Kalamazoo Michigan,' against the peace and dignity of the United States, and contrary to the form of the statute of the same in such case made and provided.

"(3) And the grand jurors aforesaid, upon their oath aforesaid, do further present, that the said Patrick Larkin, on the sixth day of August, in the year eighteen hundred and ninety-eight, at Chicago aforesaid, in the division and district aforesaid, so having devised the scheme and artifice to defraud in the first count of this indictment described in and for executing the same, and in attempting so to do, unlawfully did place in the post office of the said United

States at Chicago aforesaid, to be sent and delivered by the said post-office establishment, a certain other writing, to wit, a writing upon a postal card, of the tenor following; that is to say: '532 Cornelia Avenue Lake View Chicago Aug 6 1898 Sir Please send me your colour card and prices of your mixed paints Yours respt P. Larkin.'—which last mentioned postal card then bore on the address side thereof the following direction and address, to wit: 'C. H. Parker Esq. Paint Mfr Valpairaiso Porter Co Indiana;' against the peace and dignity of the said United States, and contrary to the form of the statute of the same in such case made and provided."

The sufficiency of the indictment, and of each count, was challenged by demurrer on several grounds; that chiefly relied on being that the names of the persons intended to be defrauded are not set out, and no sufficient reason given for the omission.

Joseph B. David, for plaintiff in error.

Charles B. Morrison, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The indictment in this case, it is to be observed, does not charge a scheme to defraud the public generally, or to defraud a class not capable of being resolved into individuals. So charged, it would be evident that the persons intended to be injured were not known, and there could, of course, be no necessity for an averment to that effect. The scheme alleged in this indictment was "to defraud divers other persons * * * by inducing those persons severally to send to him divers valuable articles, * * * and to defraud thereof the several persons who should so send the same, * * * a scheme and artifice which he * * * intended to effect by opening correspondence and communication * * * with the several persons so intended to be defrauded, and by inciting those persons to open communication with him." These expressions clearly import an intention to defraud definite individuals, with whom it was intended to open correspondence, and who, therefore, by the settled rule of pleading, should have been described by name in the indictment, or a good and true reason given for the omission. King v. Reg., 7 Q. B. 806; Com. v. Andrews, 132 Mass. 263; People v. Arnold, 46 Mich. 268, 9 N. W. 406; Moore v. State, 65 Ind. 213; U. S. v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516; Durland v. U. S., 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709; State v. Woodson, 5 Humph. 55; Murphy v. State, 24 Miss. 590; White v. Reg., 13 Cox, Cr. Cas. 318; 1 Chit. Cr. Law, 210; 2 Hawk. P. C. 319; Clark, Cr. Proc. § 94; Starkie, Cr. Pl. 188.

In respect to the rule that the persons intended to be injured should be named in an indictment, a scheme to defraud by means of correspondence through the mails is not essentially different from a conspiracy to defraud at common law. Touching the latter, the rule is thus stated in 2 Whart. Cr. Law, § 1396:

"It is essential to set forth the names of the parties to be injured if they are capable of definite ascertainment, unless a good reason be given for their nonspecification. * * * Where, therefore, the persons to be injured were defined at the time of the conspiracy, and ascertainable by the pleader, their

names should be specified in the indictment. Where, however, the conspiracy was to defraud a class not capable of being at the time resolved into individuals, or to defraud the public generally, then the specification of names, is impracticable, and hence unnecessary."

See, also, Whart. Cr. Pl. §§ 109–113, and authorities cited in the notes.

In U. S. v. Hess, supra, the indictment, brought like the one before us, under section 5480 of the Revised Statutes, without describing the scheme, charged the defendant with "having devised a scheme to defraud divers other persons to the grand jurors unknown," which he "intended to effect by inciting such other persons to open communication with him," etc.; and, in response to the contention that it was enough that the indictment should follow the language of the statute, the court said:

"The general, and, with few exceptions, of which the present is not one, the universal, rule on this subject is that all the material facts and circumstances embraced in the definition of the offense must be stated, or the indictment will be defective. * * * The statute is directed against 'devising or intending to devise any scheme or artifice to defraud,' to be effected by communication through the post office. As a foundation of the charge, a scheme or artifice to defraud must be stated, which the accused either devised or intended to devise, with all such particulars as are essential to constitute the scheme or artifice, and to acquaint him with what he must meet on the trial. * * * Assuming that this averment of 'having devised' the scheme may be taken as sufficiently direct and positive, the absence of all particulars of the alleged scheme renders the count as defective as would be an indictment for larceny without stating the property stolen or its owner or party from whose possession it was taken. The doctrine invoked by the solicitor general, that it is sufficient, in an indictment upon a statute, to set forth the offense in the words of the statute, does not meet the difficulty here. Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged."

The opinion in Durland v. U. S. is more explicitly in point. The indictment in that case was also for a violation of section 5480 of the Revised Statutes, and charged that the defendant, by means described, devised "a scheme and artifice to defraud; that is to say, by divers false pretenses and subtle means and devices to obtain and acquire for himself, of and from divers persons to this grand inquest unknown, a large sum of money, to wit, the sum of fifty dollars each, and to cheat and defraud each of said divers persons thereof by then and there representing," etc.; and that "in and for executing such scheme * * * he did place and cause to be placed in a post office of the United States at Philadelphia, to be sent and delivered by the said post-office establishment, divers letters and packets, to wit, twenty letters and circulars, directed, respectively, to the said divers persons, the names and addresses of whom are to this grand inquest unknown, contrary," etc. It will be observed that the "said divers persons" to whom the letters and circulars were, respectively, addressed, are shown, by force of the word "said," to have been the persons intended to be defrauded, and to the objection that the names and addresses should have been stated the court said: "The omission to state the names of the par-

ties intended to be defrauded, and the names and addresses on the letters, is satisfied by the allegation, if true, that such names and addresses are to the grand jurors unknown." Later in the opinion it was said, "as to the contents or import" of the letters, that, "if the defendant had desired further specification and identification, he should have secured it by demanding a bill of particulars"; but this, having reference only to a further identification of the letters, which for the purpose of defining the offense intended to be charged had already been sufficiently identified, does not, we think, affect the force of the passage quoted as a distinct recognition of the doctrine that when practicable the names of the parties intended to be defrauded must be stated as a part of the description of the offense, and that an averment that the names were unknown, in order to excuse the omission, must be true. If such averment were unnecessary, and could be rejected as surplusage, it would be immaterial whether it were true or false. The names of the persons to whom the letters were addressed would, of course, have tended to identify the letters, and for that purpose merely the names might doubtless have been supplied by a bill of particulars, but that does not affect the rule that for the purpose of describing and defining the offense itself—not merely to identify more fully another circumstance connected therewith—the names of those injured or intended to be injured, if known, must be stated. The first count of this indictment sets out a letter, which, it is alleged, was "directed to certain persons then doing business at South Bend, in the state of Indiana, under the name of Winkler Bros." This is not an averment that the letter was addressed to Winkler Bros. The names of the persons composing that firm are not given, and it is not alleged that the scheme to defraud included them, or that the letter was sent for the purpose of defrauding them. If, therefore, their names had been set out, the requirement that the names of parties intended to be injured be alleged would not have been satisfied. It is not essential to the offense defined that there be a use of the mail for communication with the person intended to be injured. It is within the statute if, in aid of the scheme to defraud, the mails be used to open correspondence with the intended victim, or "any person," or to incite "such other person [the one intended to be defrauded], or any person," to open communication with the designer of the scheme. In the second and third counts, too, it is not alleged that the Phelps & Bigelow Wind-Mill Company and C. H. Parker, to whom the postal cards set out in those counts were directed, were intended to be affected by the alleged scheme; and it is not shown whether the Phelps & Bigelow Wind-Mill Company was a co-partnership or a corporation. On that point, see Wharton, Cr. Pl. § 110. Other questions need not be considered. The judgment below is reversed, and the cause remanded, with **directions to sustain the demurrer to each count of the indictment.**