## DALTON v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1904.)

### No. 978.

**1. USING MAILS TO DEFRAUD—INDICTMENT—DESCRIPTION OF OFFENSE.**

An indictment under Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3696], for using the mails for the purpose of effecting a fraud, must not only charge the devising of a scheme or artifice to defraud, to be effected by using the mails, but must set out the facts which constitute the specific scheme or artifice so devised by defendant; and this must be done by direct and positive averment, and not inferentially.

---

¶ 1. See Post Office, vol. 40, Cent. Dig. § 72.

In Error to the District Court of the United States for the Northern District of Illinois.

The plaintiff in error was convicted and sentenced to imprisonment at hard labor at the penitentiary at Joliet for a period of two years, upon an indictment found in the District Court, charging him with using the mails for the purpose of effecting a fraud, under section 5480, Rev. St. [U. S. Comp. St. 1901, p. 3696]. The indictment charges that Dalton, with one Louis E. Ogle, "had devised a scheme and artifice to defraud a class of persons then resident within the said United States, not capable of being resolved into individuals, and not capable, by reason of their great number, and by reason of a want of information on the part of the said grand jurors, of being all named in this indictment, that is to say, such of the persons, being publishers of newspapers, respectively, in divers towns and cities of the said United States, as should accept for publication, and publish in their respective newspapers (and this on credit by reason of their supposing the same to have been sent to them by a bona fide advertising agency), a certain advertisement [of which a fac simile is given], which would be sent to those persons, respectively, by them, the said John H. Dalton and Louis E. Ogle, advertising the business of a concern called the International Aural Clinic, in which they, the said John H. Dalton and Louis E. Ogle, were themselves interested as owners, whereas, in truth and in fact, the Independent Advertising Agency aforesaid was not a bona fide advertising agency at all, but was a fictitious and fraudulent concern contrived for the purpose of imposing upon the persons so to be defrauded, and inducing them to accept and publish the said advertisement on credit, as they might well do, according to the custom of such publishers, for an advertising agency, when they would not do so for an advertiser; and whereas, in truth and in fact, the said John H. Dalton and Louis E. Ogle, when so devising the said scheme and artifice to defraud, and committing the offenses hereinafter mentioned, intended not to pay any of the said persons for the publication of the said advertisement, and intended to accept the benefit of that advertisement to their said International Aural Clinic, without paying anything for the same, either as the Independent Advertising Agency or as the International Aural Clinic, and intended by this means to defraud the said persons of their services in that behalf, and of large sums of money to become due to them therefor." The indictment further charges that they intended to effect the scheme and artifice by opening correspondence through the postal establishment of the United States, and that they, having devised the said scheme and artifice to defraud, placed in the post office of the United States at Chicago a certain letter. The writ of error presents the question of the sufficiency of the indictment.

Wm. S. Forrest, for plaintiff in error.
S. H. Bethea, U. S. Dist. Atty.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts as above). We are not without authoritative guidance with respect to the essentials of an indictment under the section of the statute in question (section 5480, Rev. St. [U. S. Comp. St. 1901, p. 3696]). There must be stated (1) a scheme to defraud; (2) intended to be effected by means of the United States mails; (3) the use of the mails for that purpose. The Supreme Court of the United States has said:

"As a foundation for the charge, a scheme or artifice to defraud must be stated, which the accused either devised or intended to devise, with all such particulars as are essential to constitute the scheme or artifice, and to acquaint him with what he must meet on the trial. The averment here is that the defendant, 'having devised a scheme to defraud divers other persons to the jurors unknown,' intended to effect the same by inciting such other persons to communicate with him through the post office, and received a letter on the

127 F.—35

subject. Assuming that this averment of 'having devised' the scheme may be taken as sufficiently direct and positive, the absence of all particulars of the alleged scheme renders the count as defective as would be an indictment for larceny without stating the property stolen, or its owner or party from whose possession it was taken. * * * Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." United States v. Hess, 124 U. S. 483, 486, 487, 8 Sup. Ct. 571, 573, 31 L. Ed. 516.

So, also, in Pettibone v. United States, 148 U. S. 197, 202, 13 Sup. Ct. 542, 545, 37 L. Ed. 419, it is said:

"The general rule in reference to an indictment is that all the material facts and circumstances embraced in the definition of the offense must be stated, and that, if any essential element of the crime is omitted, such omission cannot be supplied by intendment or implication. The charge must be made directly, and not inferentially or by way of recital. United States v. Hess, 124 U. S. 483, 486 [8 Sup. Ct. 571, 31 L. Ed. 516]. And in United States v. Britton, 108 U. S. 199 [2 Sup. Ct. 531, 27 L. Ed. 698], it was held, in an indictment for conspiracy under section 5440 of the Revised Statutes [U. S. Comp. St. 1901, p. 3676], that the conspiracy must be sufficiently charged, and cannot be aided by averments of acts done by one or more of the conspirators in furtherance of the object of the conspiracy."

So, also, in Blitz v. United States, 153 U. S. 308, 315, 14 Sup. Ct. 924, 927, 38 L. Ed. 725, it is said:

"The general rule that an indictment for an offense purely statutory is sufficient, if it pursues substantially the words of the statute, is subject to the qualification, fundamental in the law of criminal procedure, 'that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense.' United States v. Simmons, 96 U. S. 360, 362 [24 L. Ed. 819]; United States v. Hess, 124 U. S. 483, 488 [8 Sup. Ct. 571, 31 L. Ed. 516]. As said in United States v. Carll, 105 U. S. 611, 612 [26 L. Ed. 1135], it is not sufficient to set forth the offense in the words of the statute, 'unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'"

See, also, Ledbetter v. United States, 170 U. S. 606, 611, 18 Sup. Ct. 774, 42 L. Ed. 1162; Keck v. United States, 172 U. S. 434, 437, 19 Sup. Ct. 254, 43 L. Ed. 505; Larkin v. United States, 46 C. C. A. 588, 107 Fed. 697.

Tested by these principles, we are of the opinion that the indictment here is wholly insufficient, in that it fails utterly to allege the nature of the scheme and artifice to defraud. It charges that Dalton and Ogle, under the name of the Independent Advertising Agency, had devised a scheme and artifice to defraud a class of persons not capable, by reason of their great number, and by reason of a want of information on the part of the grand jurors, of being all named in the indictment; "that is to say, such of the persons, being publishers of newspapers, respectively, in divers towns and cities of the said United States, as should accept for publication, and publish in their respective newspapers (and this on credit, by reason of their supposing the same to have been sent to them by a bona fide advertising agency), a certain advertisement," of which a fac simile is set forth. The indictment proceeds:

"Which would be sent to those persons, respectively, by them the said John H. Dalton and Louis E. Ogle, advertising the business of a concern called the International Aural Clinic, in which they, the said John H. Dalton and Louis E. Ogle, were themselves interested as owners."

It is clear that this statement in the indictment was intended to describe, and was necessary to the definition of, the class of persons intended to be defrauded in some way. The allegation defines and limits the class of persons. Only those were included in the class of publishers to be defrauded who were to publish the advertisement on credit, and that by reason of their supposing that the advertisement was sent by a bona fide advertising agency. Thus far there is a total want of information of the character of the scheme and artifice to defraud, unless it may be said that the defendant is informed by implication of the essential elements of the offense. But as ruled in the authorities referred to, this is not enough. Every particular of the scheme must be directly and positively averred.

We then come to the "whereas" clause, which is not an allegation of a scheme, but a negation—a denial of the truth of preceding allegations. This word "whereas" implies a recital, and, in general, cannot be used in the direct and positive averment of a fact. It is thus defined:

"(1) The thing being so that; considering that things are so; implying an admission of facts, something followed by a different statement, and sometimes by inference of something consequent. (2) While on the contrary; the fact or case really being that; when in fact." Century Dictionary.

The statement sought to be negatived by the "whereas" clause should have been made positively in the indictment, the purpose of the "whereas" clause being to set forth the real truth concerning the allegations supposed to have been theretofore averred. The difficulty here is that the allegations thus denied are not positively charged in the indictment to be part of the scheme to defraud. If it be a denial of anything averred, it is a denial of the allegations of the pleader with respect to the class of persons intended to be defrauded.

The indictment being, therefore, wanting in direct, positive, and apt allegations touching the character of the scheme to defraud, no offense is set forth in the indictment; and the judgment of conviction and sentence must therefore be reversed, and the cause remanded.