### BERRY et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 16, 1926.)

No. 4827.

1. Post office ⬅️48(4).

Accused, charged with devising scheme to defraud one or more definite individuals, is entitled to be informed of names, in absence of good reason for failure to do so.

2. Post office ⬅️48(4).

One accused of devising scheme to defraud class of individuals is not entitled to be informed of names of parties, who were not capable of definite ascertainment by the pleader.

3. Post office ⬅️48(4).

Indictment alleging scheme for using mails to defraud dealers in shoes *held* not demurrable for failure to name persons intended to be defrauded.

4. Criminal law ⬅️419, 420(12)—Petition of defendant's creditors for receiver alleging disposal of defendant's assets held erroneously admitted as proving improper conduct in prosecution for using mails to defraud by ordering goods from wholesaler without intention to pay for them (Criminal Code, § 215 [Comp. St. § 10385]).

In prosecution under Criminal Code, § 215 (Comp. St. § 10385), for using mails to defraud by ordering goods from wholesaler without intention to pay for them, petition of creditors for receiver alleging assets of defendant were in danger of being lost or disposed of *held* erroneously admitted as tending to prove improper conduct.

5. Criminal law ⬅️1169(10).

In prosecution under Criminal Code, § 215 (Comp. St. § 10385), for using mails to defraud by ordering goods without intention to pay for them, erroneous admission of petition for receiver alleging defendant's disposal of assets was not cured by competent evidence of fraudulent disposal.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Nathan Berry and another were convicted of using the mails to defraud, and they bring error. Reversed and remanded, with directions.

Oliver D. Street, of Guntersville, Ala. (Oliver D. Street, Jr., of Guntersville, Ala., and A. Leo Oberdorfer and L. Silberman, both of Birmingham Ala., on the brief), for plaintiffs in error.

C. B. Kennamer, U. S. Atty., of Guntersville, Ala., and J. S. Franklin, Asst. U. S. Atty., of Birmingham, Ala.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circut Judge. The plaintiffs in error were convicted under section 215 of the Criminal Code (Comp. St. § 10385) for using the mails to defraud. Errors assigned are based on the overruling of a demurrer to the indictment, on rulings on evidence, and on the giving and refusal of instructions to the jury.

A ground of the demurrer to the indictment was to the effect that the allegation of each of the counts, which were alike except as to the named party intended to be defrauded, as to the devising by the accused of "a certain scheme and artifice to defraud the Williams Manufacturing Company, and divers other persons, by false and fraudulent pretenses," etc., was defective in failing to name the other persons intended to be defrauded or to allege that their names were unknown to the grand jury. The just-quoted

allegation was followed in the same sentence by the allegations:

"Which said scheme and artifice to defraud being substantially as follows, to wit: That the defendants, who were engaged in the business of dealers in shoes, leggings, and sundry articles of merchandise and doing business and carrying the same on under the firm name and style of 'Berry Shoe Company,' at Birmingham, Ala., would represent and pretend that they would pay for consignments of shoes, leggings, and sundry articles of merchandise, and that they would make remittances for such goods, wares, and merchandise as were sold to them; that such pretenses and representations would be made to wholesale merchants in such articles of merchandise as were desired by said defendants, who were residents of and carrying on business in such articles of merchandise in towns and cities other than the city of Birmingham, Ala., in which last-mentioned city the defendants were engaged in the said business aforesaid; and that when said merchants so residing and carrying on business in towns and cities other than that in which the defendants would purport and pretend to carry on said business, and in which said defendants were in business as aforesaid, would make consignments of goods, wares, and merchandise, to wit, shoes, leggings, and sundry similar articles of merchandise to the said defendants, in answer to and in compliance with orders sent and to be sent to said merchants by the said defendants, the said defendants would receive said goods, wares, and merchandise and convert the same and the proceeds of a sale thereof, to their own use and benefit, and make no remittance for the said goods, wares, and merchandise, the defendants not intending to make remittance for the said goods, wares, and merchandise, and not intending to pay for the same at the time they would send and cause to be sent orders therefor as aforesaid," etc.

[1-3] The import of the allegations as a whole is that the scheme devised by the accused was to defraud the described class of wholesale merchants, including the one named, who resided and carried on business in towns or cities other than Birmingham. Where one is charged with devising a scheme to defraud one or more definite individuals the accused is entitled to be informed of the name or names of such individual or individuals, unless a good reason for a failure to state such name or names is disclosed. But where a scheme is to defraud, not definite individuals, but a class, or one individual and others belonging to the same class, who were not selected by the alleged schemer when the scheme was formed, it is not necessary, in alleging the scheme, to name the parties intended to be defrauded, who were not identified by the accused when the scheme was devised and were not capable of definite ascertainment by the pleader. Finnegan v. United States, 231 F. 561, 145 C. C. A. 447; Larkin v. United States, 107 F. 697, 46 C. C. A. 588. We conclude that the court did not err in overruling the demurrer to the indictment.

Evidence adduced tended to prove the following: The accused are father and son. Since prior to 1920 the former was the owner of a jobbing business in Birmingham, dealing in shoes, leggings, etc., and the latter for several years prior to December, 1924, assisted in the conduct of that business. The theory of the prosecution was that, after they realized that they could not continue to carry on the business with success the accused, about September 1, 1924, devised the scheme to defraud creditors by buying large quantities of shoes, leggings, etc., which they did not intend to pay for, and that in pursuance of that scheme large quantities of such goods were bought (the mails being used in doing so), between September 1, 1924, and December 24, 1924, when an involuntary petition in bankruptcy against the accused was filed.

[4, 5] Over the objection of the accused the court admitted in evidence a petition for a receiver filed in the bankruptcy proceeding by the petitioning creditors on December 24, 1924. That petition contained the following: "Your petitioners further show that the assets of said Nathan Berry consist of stock of shoes and other merchandise and bills receivable, and that there is danger of said property being lost, destroyed, or otherwise disposed of." That allegation well could be understood as involving the charge that there was a danger of assets on hand being destroyed or improperly disposed of by one or both of the accused. An allegation so made by creditors of one of the accused was not admissible as evidence against the accused to prove actual or intended improper conduct of the accused or either of them. The ruling in question was erroneous. The admission of that evidence was not kept from being prejudicial by the admission of competent and uncontroverted evidence requiring the conclusion that the accused had been or were engaged in hiding assets or fraudulently disposing of them.

We do not pass on other rulings complained of, as the questions involved are such that they may not be presented in another

trial. Because of the above-mentioned error, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.