## MANLEY v. FISHER, U. S. Atty.
### No. 3439.

Circuit Court of Appeals, Fourth Circuit.
Feb. 4, 1933.

Wesley D. Manley, pro se.

W. H. Fisher, U. S. Atty., of Clinton, Iowa, for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

Wesley D. Manley appeals from the dismissal in the District Court of a writ of habeas corpus which he sued out on the ground that he was unlawfully imprisoned in Prison Camp No. 1 of the United States Penitentiary of Atlanta at Fort Bragg, in the state of North Carolina, under an excessive sentence imposed by the District Court of the United States for the Northern District of Georgia. He had been sentenced to pay a fine of $10,000 and to serve a term of seven years in the United States Penitentiary at Atlanta, for a violation of section 215 of the Penal Code, 18 U. S. Code § 338 (18 USCA § 338), where it is provided in substance that whoever, having devised a scheme to defraud, shall for the purpose of executing the scheme, place any letter in any post office of the United States to be sent by the post office establishment of the United States, shall be fined not more than $1,000 and imprisoned not more than five years, or both. The indictment in the case contained twenty counts, and the appellant was convicted upon sixteen, in each of which it was charged that a different letter was deposited in the mail in furtherance of the same general scheme to defraud. It is clear that the sentence did not exceed the limit defined by the statute, for it is well settled that the deposit of each letter in the mail for the purpose of executing a scheme to defraud is a separate and distinct violation of the statute, In re Henry, 123 U. S. 372, 8 S. Ct. 142, 31 L. Ed. 174; that the judge has power to impose the maximum sentence on each count of the indictment, Badders v. U. S., 240 U. S. 391, 36 S. Ct. 367, 60 L. Ed. 706; and that a general sentence exceeding the maximum which may be imposed upon a single count may be lawfully imposed on a defendant convicted on several counts, provided that it is not greater than the aggregate sentence permitted on the several counts, although the better practice is to impose separate sentences on each count. Neely v. United States (C. C. A.) 2 F.(2d) 849.

The judgment of the District Court, dismissing the writ and remanding the appellant to prison to serve the remainder of the sentence theretofore imposed upon him, is affirmed.