## BECKER v. UNITED STATES.*

### No. 8513.

Circuit Court of Appeals, Ninth Circuit.

July 19, 1937.

*Rehearing denied Oct. 22, 1937.

Charles E. Gould, of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams and Valentine C. Hammack, Asst. U. S. Attys., all of San Francisco, Cal.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment imposing sentences on appellant for sixteen offenses in use of the mail pursuant to a scheme to defraud twelve named persons, in violation of the act of Congress of March 2, 1889, § 1, 25 Stat. 873, as amended, 35 Stat. 1130, § 215 (18 U.S.C.A. § 338).

The record discloses only the indictment charging the scheme to defraud one B. Fisher and others by persuading them to employ appellant as an agent for them, with intent to retain the moneys paid, without rendering the proposed service, and the mailing of sixteen different letters to the intended victims alleged in sixteen counts and in one other which was dismissed, the verdict and the judgment.

The court imposed a sentence of five years for the mailing of a letter intended fraudulently to persuade one B. Fisher to hire appellant as his agent to borrow money for the said Fisher, with intent not to attempt to borrow the same, but to keep the hire without the service.

The court imposed a second sentence of five years, to run succeeding the first five-year sentence, upon a second count for mailing another letter to the said Fisher and pursuant to the same scheme to defraud.

On the conviction on a third count for a letter to another proposed victim, the court's sentence was for five years succeeding the ten years on the first two counts. Sentences on the remaining thirteen counts for five years each were to run concurrently with that on the third count.

█ Appellant, without citation of authority, asks an overruling of the cases holding that the several letters mailed in pursuance of a scheme to defraud constitute separate offenses. Spirou v. U. S. (C.C.A.) 24 F.(2d) 796; In re Henry, 123 U.S. 372, 374, 8 S.Ct. 142, 31 L.Ed. 174; Manley v. Fisher (C.C.A.) 63 F.(2d) 256.

We are not so persuaded.

██ Appellant urges that the imposition of a ten-year sentence for the two letters to the same intended victim of the fraud, plus the five-year additional concurrent sentences upon the thirteen other counts, in all fifteen years, is a cruel and unusual punishment as that term is used in the Eighth Amendment to the Constitution. He specially stresses the fact that the letters of the first two counts were addressed to the same person sought to be defrauded.

Since the evidence is not brought before us, there is nothing to indicate that the two different letters did not succeed in defrauding the recipient of two separate sums of money. If so, we can see no reason even remotely warranting a claim that ten years constitute a cruel and unusual punishment for the use of the mail for such a purpose. In view of the presumptions prevailing in favor of the exercise of the lower court's discretion in fixing the punishment for crime [Cochran v. U. S. (C.C.A.) 41 F.(2d) 193, 207], and the absence of any evidence of what guided the judge's decision, we hold that there was here no cruel and unusual punishment. The addition of five years upon the thirteen other offenses and the fifteen-year total upon the conviction on the sixteen counts constitute no violation of the Eighth Amendment to the Constitution.

Affirmed.