UNITED STATES of America,
Plaintiff,

v.

Sterling W. BENNETT, Henry Bumpass,
Doyel Gilmore and Dale Norman,
Defendants.

Crim. No. AC–856.

United States District Court
E. D. South Carolina,
Columbia Division.

Aug. 8, 1964.

Terrell L. Glenn, U. S. Dist. Atty., Columbia, S. C., Klyde Robinson, Asst. U. S. Atty., Charleston, S. C., Wistar Stuckey, Asst. U. S. Atty., Columbia, S. C., for plaintiff.

N. Welch Morrisette, Jr., Columbia, S. C., Gedney M. Howe, Jr., Charleston, S. C., for defendants.

HEMPHILL, Chief Judge.

■ Defendants, indicted for violation of various criminal penal statutes, claim right to relief under Rule 7 of the Federal Rules of Criminal Procedure, demanding that defendants be furnished a list of witnesses the United States intends to call on trial of the cause. There is no claim defendants do not know the nature and contents of the charges.[1] In fact, at the hearing of July 29, 1964 in Columbia, South Carolina, counsel for defendants admitted defendants' knowledge of the course of conduct or dealing relied upon by the United States in pursuing the matter. Defendants are entitled to know the exact charge they must face[2] and this they do here.

Rule 7(e) (f) of the Federal Rules of Criminal Procedure provides as follows:

"(e) Amendment of Information. The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

"(f) Bill of Particulars. The court for cause may direct the filing of a bill of particulars. A motion for a bill of particulars may be made only within ten days after arraignment or at such other time before or after arraignment as may be prescribed by rule or order. A bill of particulars may be amended at any time subject to such conditions as justice requires."

Count One of the indictment is predicated upon violation of Title 15 U.S.C. § 77q(a):

"It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

"(1) to employ any device, scheme, or artifice to defraud, or

"(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."

Listed in Count One of the indictment are the names of those allegedly defrauded. The course of conduct being known, the list of names is proper, admittedly complete. More than two hundred fifty names are listed.

It is the contention of the government that each and all of the persons so named were persons defrauded by the scheme. They are stockholders and bond holders of the corporations which are alleged to have been vehicles of the fraud.

■ An indictment should name, as was done here, the persons defrauded when they are known by the government. Form 3 of the Appendix to the Federal Rules of Criminal Procedure, which is the prescribed form for mail fraud indictments (18 U.S.C. Appendix of Forms), uses the phrase "[T]o defraud purchasers of stock of XY Company, a California corporation". Certainly naming such stockholders could not be more prejudicial than to identify them as a group. It has been generally held that when the government knows the names of persons who are defrauded they should be identified and named in the indictment, and as an illustration; in the case of Larkin v. United States, 107 F. 697 (C.C.A. 7th Cir. 1901), the

---

1. See United States v. Bagdasian (CA Md. 1961), 291 F.2d 163.

2. United States v. Milk Distributors Assn., Inc. (D.C.Md.1961), 200 F.Supp. 792.

Court quoted and approved Section 1396, 2 Whart.Cr.Law, as stating the correct rule with respect to naming victims in an indictment for fraudulent use of the mails:

> "It is essential to set forth the names of the parties to be injured if they are capable of definite ascertainment, unless a good reason be given for their (omission) * * * where, therefore, the persons to be injured were defined at the time of the conspiracy, and ascertainable by the pleader, their names should be specified in the indictment. Where, however, the conspiracy was to defraud a class not capable of being at the time resolved into individuals, or to defraud the public generally, then the specification of names is impracticable, and hence unnecessary."

A recent decision to the same effect is Lauer v. United States, 320 F.2d 187 (C.C.A. 7th Cir. 1963) in which the Court in citing and approving Larkin, at page 190, held:

> "[W]here the indictment set forth a scheme involving the use of the mails to defraud definite individuals with whom it was intended to open correspondence but did not name said individuals it was held insufficient to support the judgment of conviction."

On page 189 it is further stated,

> "that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defence, and plead the judgment as a bar to any subsequent prosecution for the same offence. An indictment not so framed is defective, although it may follow the language of the statute."

See also United States v. Marrin, D.C. Pa.1908, 159 F. 767, affirmed 167 F. 951, cert. den. 223 U.S. 719, 32 S.Ct. 523, 56 L.Ed. 629.

▉ The part of this motion relating to the furnishing to defendants of the names of persons to be called by the government is not a matter of making the indictment more definite but is an attempt to learn who the government will use as witnesses, but the government is under no obligation to reveal this information. United States v. Lebron, 222 F.2d 531, 535 (2d Cir.), cert. denied 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955). Sawyer v. United States, 89 F.2d 139, 140 (8th Cir. 1937), Rubio v. United States, 22 F.2d 766, 767, 9th Cir. 1927, cert. denied 276 U.S. 619, 48 S.Ct. 213, 72 L.Ed. 734 (1928). Where, as here, the defendants are informed in the indictment of the names of investors who are capable of being used as witnesses, they are not entitled to be told the names of such investors who will be produced as witnesses by the government, even when the list of possible witnesses is voluminous. Gates v. United States, 122 F.2d 571, 576 (C.A.10, 1941).

▉ This second ground in the motion complains that there is a misjoinder of counts in that the same acts are relied upon as a basis of various counts. Here, again, the indictment is in accord with Form 3 (18 U.S.C., Appendix of Forms). Soon after the Securities Act was passed, the Courts held "permissible the joinder in the same indictment of charges of (1) using the mails to defraud in the sale of stock, (2) conspiring to defraud by offering stock for sale, and (3) violating the Securities Act of 1933 by the sale of stock." United States v. Bogy, 16 F.Supp. 407 (D.C.W.D.Tenn., 1936), affirmed 96 F.2d 734, cert. den. 305 U. S. 608, 59 S.Ct. 68, 83 L.Ed. 387; United States v. Alluan, 13 F.Supp. 289 (D.C. N.D. Texas, 1936).

Rule 12(a) and (b) (1) of the Federal Rules of Criminal Procedure provide as follows:

> "(a) Pleadings and Motions. Pleadings in criminal proceedings shall be the indictment and the information, and the pleas of not

guilty, guilty and nolo contendere. All other pleas, and demurrers and motions to quash are abolished, and defenses and objections raised before trial which heretofore could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief, as provided in these rules.

"(b) The Motion Raising Defenses and Objections.

"(1) Defenses and Objections Which May Be Raised. Any defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion."

Rule 14 of the Federal Rules of Criminal Procedure provides:

"Relief from Prejudicial Joinder. If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

Title 18 U.S.C.A. § 1341 provides:

"Frauds and swindles. Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 763, amended May 24, 1949, c. 139, § 34, 63 Stat. 94."

Title 18 U.S.C.A. § 371 provides:

"Conspiracy to commit offense or to defraud United States. If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

"If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor. June 25, 1948, c. 645, 62 Stat. 701."

██ The statute clearly indicates that an offense under Section 17(a) of the Securities Act is charged where it is alleged that a scheme to defraud in the offer or sale of a security was employed by use of the mails or a means or instrumentality of transportation or communication in interstate commerce. Coplin v. United States, 88 F.2d 652, 672 (C.A.9, 1937), cert. denied 301 U. S. 703, 57 S.Ct. 929, 81 L.Ed. 1357 (1937); Harper v. United States, 143 F.2d 795, 801–802 (C.A.8, 1944); Bobbroff v. United States, 202 F.2d 389, 391 (C.A.9, 1953); Frank v. United States, 220 F.2d 559, 563 (C.A.10, 1955); Bowler v. United States, 249 F.2d 806, 807

(C.A.9, 1957); United States v. Monjar, 47 F.Supp. 421, 425 (D.Del., 1942), aff. 147 F.2d 916 (C.A.3, 1944), cert. denied 325 U.S. 859, 65 S.Ct. 1191, 89 L.Ed. 1979 (1944). And under the Mail Fraud Statute, an offense is charged where, as under Section 17(a) (1), the defendant devised a scheme to defraud and a specific use of the mails is employed for the purpose of executing or attempting to execute the scheme. Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); United States v. Young, 232 U.S. 155, 34 S.Ct. 303, 58 L.Ed. 548 (1914); Graham v. United States, 120 F.2d 543 (C.A.10, 1941); and United States v. Crummer, 151 F.2d 958 (C.A.10, 1945), cert. den. 327 U.S. 785, 66 S.Ct. 704, 90 L.Ed. 1012 (1946). Each separate use of the mails in execution or in furtherance of a scheme to defraud constitutes a separate offense. See Palmer v. United States, 229 F.2d 861, 867 (C.A.10, 1956), cert. den. 350 U.S. 996, 76 S.Ct. 546, 100 L.Ed. 861 (1956); Mitchell v. United States, 142 F.2d 480, 481 (C.A.10, 1944), cert. den. 323 U.S. 747, 65 S.Ct. 49, 89 L.Ed. 598 (1944); Bozel v. United States, 139 F.2d 153, 156 (C.A.6, 1943), cert. den. 321 U.S. 800, 64 S.Ct. 937, 88 L.Ed. 1087 (1944); Becker v. United States, 91 F.2d 550 (C.A.9, 1937); Spirou v. United States, 24 F.2d 796, 797–798 (C.A.2, 1928), cert. den. 277 U.S. 596, 48 S.Ct. 559, 72 L.Ed. 1006 (1928).

It is, of course, well established law that allegations of a conspiracy to commit several offenses is not defective for duplicity. Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1932); Bogy v. United States, supra; Troutman v. United States, 100 F.2d 628, 632 (10th Cir. 1938), cert. den. 306 U.S. 649, 59 S.Ct. 590, 83 L.Ed. 1047.

Defendants' complaint of prejudice cannot be sustained. The indictment informs fully.

The third ground in the motion; for continuance over the June term of the Columbia Division, was granted.

As to other grounds the motion is denied.

And it is so ordered.